## WILLIAM WHITE *versus* LYDIA SNELL, Executrix of Amos Snell Junior.

A promise by the defendant, for value received, to pay the plaintiff a sum of money, if and when the defendant shall collect his demands against a third person, implies that the defendant will use due diligence to collect such demands; and in an action upon such promise, it is not necessary to prove that the plaintiff requested the de-fendant to collect the demands.

In declaring on such promise it is sufficient to aver, that the defendant did not use due diligence, without averring that it was necessary for him to use due diligence.

In an action on such promise, a count alleging that the defendant did not use due dili gence to collect such demands, may be joined with a count alleging that there were no such demands.

After a verdict for the plaintiff, which he applies to one only of several counts, judg-ment will not be arrested on the ground that such count is repugnant to other counts.

ASSUMPSIT upon a promissory note made by A. Snell jun-ior, as follows : — " Westport, March 9th, 1809. Value re-ceived, I promise to pay W. White or order 100 dollars, to be paid if I recover of T. Shearman my demands against said Shearman, &c. to be paid when recovered of said Shearman," &c.

The plaintiff, in his second count, alleged that Snell had no demands against Shearman. In his fourth count, filed under leave to amend, he set out the note, and alleged, that although Snell had demands against Shearman, yet he " never collected or recovered said demands of said Shearman, nor used proper diligence to recover and collect the same."

White
v.
Snell.

Upon the trial, before *Wilde* J., the jury were instructed, that it was not necessary that the plaintiff should prove a demand on the testator to collect his demands of Shearman, if they should be of opinion that due diligence had not been used in collecting the same.

The jury returned a verdict for the plaintiff, upon the ground that the defendant had not used due diligence, and the plaintiff took a verdict upon the fourth count.

The defendant moved for a new trial, on account of the instruction to the jury. He likewise moved in arrest of judgment, on the ground that judgment could not be rendered on the fourth count, because this count was incompatible with the second ; also, because it was bad and insufficient to found a judgment upon.

*Oct. 22d.*

*Coffin* and *Battelle*, for the defendant, said, among other things, that if due diligence was necessary on the part of the defendant, it should have been averred to be necessary. In the case of a condition precedent not involving a duty, mere non-feasance does not give a right of action. 1 Chit. Pl. 317.

*W. Baylies, Bassett* and *Spooner*, for the plaintiff.

*Oct. 23d.*

*Per Curiam.* It is objected that the second count is founded on a tort, but it is in assumpsit ; for it being made to appear that Snell had no demands against Shearman, the promise would be absolute. There is, therefore, no misjoinder of the second and fourth counts, on the ground that one is in tort and the other in assumpsit.

It is further objected, that these counts are repugnant, the one averring that there were no demands against Shearman, the other that there were such demands. But no authority has been produced, to show that judgment should be arrested, after verdict, for such a repugnancy. And after a verdict has been applied to a good count, there is no reason for arresting the judgment on that ground, although the objection might have been valid upon a special demurrer. But there is not a legal repugnancy here, however there may be a repugnancy in common parlance.

The question then is, whether the fourth count is sufficient. It is said that a promise to use due diligence to collect the demands against Shearman should have been set forth, whereas

White
v.
Snell.

it is merely alleged that due diligence was not used.  But we think the contract itself imports that the testator should use due diligence.  If he had power to neglect looking up those demands and thus to get rid of his contract, the law would aid him in the commission of a fraud.  Negligence shows a breach of his contract ; as much so as a refusal to pay the plaint ff, in case the demands had been collected.[1]

*Motion in arrest of judgment overruled, and judgment entered according to verdict.*

---

[1] See *White* v. *Snell*, 5 Pick. 425 ; *Blight* v. *Ashley*, 1 Peters's Cir. C. R. 25.